IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joseph Walker, #162475, | ) |
| | ) CIVIL ACTION NO. 9:10-0359-CMC-BM |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Dempusey Howard, | ) |
| | ) |
| Defendant. | ) |
| | ) |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights by the named Defendant.

The Defendant filed a motion to dismiss pursuant to Rule 12(b), Fed.R.Civ.P., on July 1, 2010. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on July 2, 2010, advising Plaintiff of the importance of a dispositive motion and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendant's motion may be granted, thereby ending his case. Plaintiff thereafter filed a response in letter form on July 13, 2010.

The Defendant's motion is now before the Court for disposition.[1]

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendant has filed a motion to dismiss. As this is a dispositive motion this Report and Recommendation is entered for review by the Court.



**Allegations of Plaintiff's Complaint**

Plaintiff alleges in his verified complaint that the Defendant, a nurse at the prison, has refused to give him a "finger stick" and has refused to provide him with insulin, saying she is going to let "a nurse DeeDee" handle these duties. Plaintiff alleges that the Defendant refuses to provide him treatment because she does not like him. Plaintiff further alleges that he is a diabetic and needs a finger stick and insulin at least four times a day, and that by treating him the way she is the Defendant is "playing with [his] life . . . ." Plaintiff also appears to indicate that there may be some racial motivation in the Defendant's conduct. Plaintiff requests only injunctive and/or declaratory relief in his complaint. See generally, Plaintiff's Verified Complaint.

**Discussion**

When considering a Rule 12 motion to dismiss, the Court is required to accept the allegations in the pleading as true, and draw all reasonable factual inferences in favor of the Plaintiff. The motion can be granted only if Plaintiff has failed to set forth sufficient factual matters to state a plausible claim for relief "on its face". Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). As the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard. However, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

Defendant argues in his motion, inter alia, that this lawsuit should be dismissed for

2



failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit. Pursuant to 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, Congress has mandated exhaustion regardless of the relief offered through administrative procedures. Booth v. Churner, 532 U.S. 731, 741 (2001); see Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001) [exhaustion required even though plaintiff claimed futility]; Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001) [exhaustion required even though plaintiff claimed he was afraid]; see also Claybrooks v. Newsome, No. 00-7079, 2001 WL 1089548 (4th Cir. Sept. 18, 2001) (unpublished opinion) [applying Booth v. Churner to affirm district court's denial of relief to plaintiff]. Accordingly, before Plaintiff may proceed on his claim in this Court, he must first have exhausted the administrative remedies that were available to him at the prison.

The Defendant has the burden of showing that Plaintiff failed to exhaust his administrative remedies. See Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be both pled and proven by the Defendant]; Jones v. Bock, 549 U.S. 199 (2007). To meet this burden, the Defendant cites to Plaintiff's own verified complaint, specifically Section II. In Section II of Plaintiff's verified complaint, Plaintiff acknowledges that he did not file a grievance concerning his claims, nor has he ever received a final agency/departmental/institutional answer or determination concerning this matter. While Plaintiff also checked the "no" box in Section II of his complaint in response to the question of whether there is a prisoner grievance procedure at his institution (the



Lieber Correctional Institution), the Court is not required to accept this unsupported statement in ruling on Defendant's motion to dismiss. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987) ["Even though pro se litigants are held to less stringent pleading standards than attorneys the court is not required to 'accept as true legal conclusions or unwarranted factual inferences.'"]. Rather, this Court can take judicial notice from previous cases filed in this Court that the South Carolina Department of Corrections has an established grievance procedure in place at all of its prisons. See Portis v. Caruso, No. 09-846, 2010 WL 3609364 at * * 4-5 (W.D.Mich. July 28, 2010)["Taking judicial notice of a prisoner's administrative grievance proceeding is consistent with the purpose of PLRA's invigorated exhaustion provision . . . ."] (internal quotations omitted). Under the SCDC Grievance Procedure, all inmate grievances must be filed within fifteen (15) days of the alleged incident, and if a grievance is denied by the Warden (Step One), the inmate may then appeal the Warden's decision by filing a Step Two appeal with the Division Director of Operations. See Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970)[a federal court may take judicial notice of the contents of its own records]; see also Branton v. Ozmint, No. 08-2306, 2009 WL 1457144 at * 2 (D.S.C. May 22, 2009); Jenkins v. South Carolina Dept. of Corrections, No. 05-2800, 2006 WL 1083563 at * 5 (D.S.C. Apr. 18, 2006).

Additionally, in his response filed to the Defendant's motion to dismiss, Plaintiff does not dispute any of the Defendant's arguments for dismissal of this case based on failure to exhaust administrative remedies, and indeed does not even mention, discuss or address this issue. Therefore, while it would have been preferable for the Defendant to have also submitted an affidavit from an appropriate prison official attesting to the fact that Plaintiff did not file any grievances with respect to the issue raised in this complaint and did not therefore exhaust his administrative remedies prior



to filing this lawsuit[2], in light of Plaintiff's own sworn statement in his verified compliant that he did not file any grievances relating to this matter, in conjunction with his failure in his responsive pleading to even argue against or dispute the Defendant's assertion of failure to exhaust as a ground for dismissal of this case, the undersigned finds and concludes that the Defendant has met her burden of showing failure to exhaust in this case. Anderson, 407 f.3d at 683. Therefore, this case should be dismissed. Booth, 532 U.S. at 741; Hyde v. South Carolina Dep't of Mental Health, 442 S.E.2d 582, 583 (1994) ["Where an adequate administrative remedy is available to determine a question of fact, one must purse the administrative remedy or be precluded from seeking relief in the courts"].

## Conclusion

Based on the foregoing, it is recommended that the Defendant's motion be **granted,** and that this case be **dismissed**, without prejudice, for failure of the Plaintiff to exhaust his administrative remedies prior to filing this lawsuit.

The parties are referred to the Notice Page attached hereto.

	Bristow Marchant
	United States Magistrate Judge

October 18, 2010
Charleston, South Carolina

---

[2] Indeed, the undersigned urges the Defendant, in response to this Report and Recommendation, to file such an affidavit with the Court so that it may be available for review by the District Judge when considering any objections filed to this opinion.

5



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

