IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Joseph Walker, # 162475, ) | C/A NO. 9:10-359-CMC-BM |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Dempusey Howard, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on Plaintiff's *pro se* complaint, filed in this court pursuant to 42 U.S.C. § 1983.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), DSC, this matter was referred to United States Magistrate Judge Bristow Marchant for pre-trial proceedings and a Report and Recommendation ("Report"). On October 18, 2010, the Magistrate Judge issued a Report recommending that the complaint be dismissed without prejudice for failure to exhaust administrative remedies. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff filed objections to the Report on November 19, 2010.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

1

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review as to objections made, and considering the record, the applicable law, the Report and Recommendation of the Magistrate Judge, and Plaintiff's objections, the court agrees with the findings and conclusions of the Report. Accordingly, the court adopts and incorporates the Report and Recommendation by reference in this Order.

Plaintiff attaches to his Objections a "Request to Staff Member" ("RTSM") form relating the alleged incident in question.[1] This RTSM form is dated February 2, 2010, which is the same date Plaintiff dated the Complaint filed in this matter. See Compl. at 5 (Dkt. #1, filed Feb. 16, 2010). Therefore, even if Plaintiff has now properly exhausted his administrative remedies relating to this matter, this matter is subject to dismissal as he failed to do so prior to filing suit. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner . . . *until* such administrative remedies as are available are exhausted.") (emphasis added).

Defendants' motion to dismiss is **granted** and this matter is dismissed without prejudice for failure to exhaust administrative remedies.

**IT IS SO ORDERED.**

                                          s/ Cameron McGowan Currie
                                          CAMERON MCGOWAN CURRIE
                                          UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 29, 2010
C:\Documents and Settings\Guest\Local Settings\Temp\notesFFF692\10-359 Walker v. Howard adopt rr dism wo prej failure to exhaust.wpd

---

[1] Plaintiff attaches two "Request To Staff Member" forms to his objections. However, one form relates to a separate incident in 2008.